IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TARA HAGINS,<br>*Plaintiff* | : : : : : : : : : | CIVIL ACTION NO.<br><br>**JURY TRIAL REQUESTED**<br><br>AUGUST 20, 2020 |
| vs. | | |
| QUEST DIAGNOSTICS, LLC,<br>*Defendant* | | |

# COMPLAINT

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this Action under 28 U.S.C. §§ 1331 and 1341 42 U.S.C. §2000e-5, insofar as the matters in controversy are brought pursuant to, *inter alia*, 29 U.S.C. § 2612 *et seq.*, the Family and Medical Leave Act ("FMLA).

2. Venue in the District of Connecticut is proper because at all times relevant, Plaintiff resided in Connecticut, Plaintiff worked in Connecticut, and Defendant is incorporated and has its principal place of business in Connecticut.

**PARTIES**

3. At all times set forth herein, the Plaintiff, Tara Hagins, was a resident of Shelton, Connecticut.

4. The Plaintiff suffers from anxiety and depression.

5. At all times set forth herein, the Defendant, Quest Diagnostics, LLC., was Connecticut limited liability company.

6. The Defendant operates a number of diagnostic laboratories throughout the State of Connecticut including one located at 300 Dixwell Avenue in Hamden, Connecticut.

**FACTUAL ALLEGATIONS**

7. Plaintiff worked for the Defendant at the aforesaid business location commencing in or about February 2019 in the position of "Float Phlebotomist."

8. In early April of 2020, the Defendant furloughed Plaintiff and a number of other employees as a result of the COVID-19 global health pandemic.

9. As a result of the many uncertainties and stressors presented by the COVID-19 pandemic, including Plaintiff herself having contracted COVID-19 for a period of time, Plaintiff's anxiety and depression were aggravated, causing the Plaintiff to seek out mental health treatment from a psychiatrist, Dr. Jeffrey Sanitover.

10. On or about May 26, 2020, Plaintiff's supervisor, Marisa Hammond, called Plaintiff and notified her that Defendant was calling Plaintiff back from furlough, commencing on June 1, 2020.

11. Concerned that her recently-exacerbated anxiety and depression symptoms, along with the regimen of medications she had been prescribed to treat the same, would impact her ability to perform her job duties, Plaintiff contacted Dr. Sanintover to discuss her return to work.

12. Dr. Sanitover opined that Plaintiff should not return to work for at least several more weeks.

13. On May 27, 2020, Dr. Sanitover faxed a note to Defendant wherein he stated, *inter alia*, that Plaintiff "suffers from a number of conditions including depression and anxiety" and that Plaintiff was "not ready to return to work but should be able to by the last week of June 2020."

14. Upon Defendant's receipt of Plaintiff's doctor's note, Ms. Hammond contacted the Plaintiff and took issue with the out-of-work note because it did not include a specific return date.

15. Plaintiff indicated that she would contact Dr. Sanitover's office and attempt to procure a second note specifying an exact return date.

16. At no time during this conversation did Ms. Hammond offer Plaintiff leave under the FMLA, even though Plaintiff was otherwise eligible for such leave.

17. Subsequent to her conversation with Ms. Hammond, Plaintiff called Dr. Sanitover's office and requested to speak with him about obtaining a more specific return date.

18. On, June 5, 2020, before Plaintiff was able to have a follow-up conversation with Dr. Sanitover, she received a letter via Fed-Ex delivery from Ms. Hammond, wherein Ms. Hammond claimed that Plaintiff's inability to return to work on June 1, 2020, would be treated as a "voluntary termination" and that as a result the Plaintiff's employment with the Defendant was terminated.

**FIRST COUNT:**     **FMLA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2612,** *et seq.*

19. All preceding paragraphs are incorporated into this Third Count as if fully set out herein.

20. The Plaintiff was an eligible employee under the FMLA.

21. The Plaintiff put Defendant on notice of her need for leave due to a qualifying medical condition under the FMLA.

22. Defendant interfered with Plaintiff's right to take leave under the FMLA in that it failed to grant Plaintiff leave "[b]ecause of a serious health condition that ma[de her ] unable to perform the functions of [her] position…" although she was otherwise entitled to such leave.

23. Defendant's unlawful conduct was not in good faith and Defendant did not have reasonable grounds for believing its actions were in conformance with the FMLA.

24. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has been deprived of benefits to which he was entitled under the FMLA, has suffered damages, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**SECOND COUNT**:   **FMLA RETALIATION IN VIOLATION OF 29 U.S.C. § 2612,** *et seq.*

25. All preceding paragraphs are incorporated into this Third Count as if fully set out herein.

26. The Plaintiff was an eligible employee under the FMLA.

27. The Plaintiff put Defendant on notice of her need for leave due to a qualifying medical condition under the FMLA.

28. Defendant terminated Plaintiff's employment because Plaintiff put Defendant on notice of her need to take a qualifying leave under the FMLA.

29. Defendant's unlawful conduct was not in good faith and Defendant did not have reasonable grounds for believing its actions were in conformance with the FMLA.

30. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has been deprived of benefits to which he was entitled under the FMLA, has suffered damages, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**THIRD COUNT**:   **DISABILITY DISCRIMINATION IN VIOLATION OF CONN. GEN. STAT. § 46a-60(b)(1)**

31. All preceding paragraphs are incorporated into this Third Count as if fully set out herein.

32. The Defendant terminated Plaintiff's employment because she suffered from one or more disabilities, as set forth above, in violation of Conn. Gen. Stat. § 46a-60(b)(1).

33. As a result of Defendant's unlawful conduct, as aforesaid, has suffered damages, and has incurred or will incur attorneys' fees and costs in securing her rights through this Action.

**WHEREFORE**, Plaintiff herby requests a trial by jury and prays for the following relief:

1. Money Damages for lost wages, lost employment benefits, and emotional distress;

2. Reinstatement or Front Pay in lieu thereof;

3. Reasonable attorneys' fees;

4. Interest;

5. Liquidated Damages;

6. Punitive Damages;

7. Costs of this Action; and

8. All other awardable relief.

THE PLAINTIFF,
TARA HAGINS

BY: _____
Michael J. Reilly (ct28651)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mreilly@cicchielloesq.com

**<u>EXHIBIT A</u>**

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Tara Hagins
**COMPLAINANT**

CHRO No. 2130413
vs. EEOC No. 16A202100615

Quest Diagnostics
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A. Hughes*
_____
**DATE:** August 17, 2021                   Tanya A. Hughes, Executive Director

Service:
Complainant: Tara Hagins
Complainant's attorney: mreilly@cicchielloesq.com
Respondent: Quest Diagnostics
Respondent's Attorney sasaad@fordharrison.com

.